A CERTIFIED TRUE COPY

FEB 11 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
2005 MAR 14 P 2:00
U.S. DISTRICT COURT
DOCKET NO. 1642 NEW HAVEN, CT

RELEASED FOR PUBLICATION FEB 18 A 11:27

FILED
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FEB - 4 2005
FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE POLYCHLOROPRENE RUBBER (CR) ANTITRUST LITIGATION

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Now before the Panel is disposition of a new docket, MDL-1642, which involves two motions that currently encompass the eight actions listed on the attached Schedule A.[1] The motions are brought, pursuant to 28 U.S.C. § 1407, by parties seeking Section 1407 centralization of actions involving allegations of price fixing in the market for polychloroprene rubber ("CR"). Disposition of the MDL-1642 matter is also intertwined with an earlier Panel docket, because one of the actions subject to the MDL-1642 motions (Northern District of Ohio's "*Goodyear*") is also currently the subject of a Panel order conditionally transferring *Goodyear* to the District of Connecticut for inclusion in MDL-1542, a docket previously centralized by the Panel in the District of Connecticut (before Judge Peter C. Dorsey) that involves allegations of price fixing in the market for ethylene propylene diene monomer ("EPDM"). *See In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, 277 F.Supp.2d 1373 (J.P.M.L. 2003). The *Goodyear* plaintiff asserts claims alleging an EPDM price-fixing conspiracy, a CR price-fixing conspiracy, and a combined CR/EPDM price-fixing conspiracy.

The first of the MDL-1642 Section 1407 transfer motions was brought by three common defendants, Bayer Corp., a Bayer Corp. subsidiary, and Polimeri Europa Americas Inc. These movants sought centralization of five then known to be pending actions: Northern District of Ohio's *Goodyear*, a now terminated District of District of Columbia action (*Alco*) (*supra*, note 1), and three additional actions pending in the Central District of California (one action) and the Western District of Pennsylvania (two actions). Initially these moving defendants sought centralization of the five actions in the Southern District of Texas or, alternatively, the Western District of Pennsylvania. By the time of their reply brief, however, these movants changed their position i) to agree with varying other respondents that *Alco* should not be included in 1407 centralization, and ii) to reverse their

---

*Judge Motz took no part in the disposition of this matter.

[1] The first filed Section 1407 motion pertained to an additional District of Columbia action, *Alco Industries, Inc. v. DuPont Dow Elastomers LLC*, C.A. No. 1:04-588, that was terminated pursuant to an entry of judgment on Nov. 22, 2004. Accordingly, the question of Section 1407 transfer with respect to this action is now moot.

33

order of preference for transferee district (stating that while the Texas district continued to be an appropriate forum choice, the Western District of Pennsylvania was now the most appropriate transferee forum). The second MDL-1642 transfer motion encompasses four of the five actions on the moving defendants' motion (omitting the District of District of Columbia's *Alco*) plus three additional Western District of Pennsylvania actions and one additional District of District of Columbia action (*Chemionics*). The second set of movants, consisting of plaintiffs in four of the five Western District of Pennsylvania actions, favor centralization in the Western District of Pennsylvania or, alternatively, the District of District of Columbia. By the end of 1407 briefing on these matters, the following positions have emerged:

- Plaintiffs in the fifth Western District of Pennsylvania action and in the Central District of California action join the moving Pennsylvania plaintiffs in supporting centralization in the Western District of Pennsylvania. The California action plaintiff also agrees that the District of District of Columbia would be an appropriate alternative forum choice.

- The plaintiff in the District of Columbia *Chemionics* action favors centralization in the District of District of Columbia because, among other things, the now terminated *Alco* action had been pending there.

- Goodyear Tire and Rubber Co. (Goodyear), the plaintiff in Northern District of Ohio's *Goodyear*, supports centralization of MDL-1642 (including *Goodyear* in its entirety) in the Western District of Pennsylvania. If the Panel declines to centralize in the Pennsylvania forum, then Goodyear asks the Panel to centralize MDL-1642 in the Northern District of Ohio. And if the Northern District of Ohio is also not chosen as transferee forum, then Goodyear asks the Panel to allow *Goodyear* to remain by itself in its Ohio forum. Goodyear also continues to oppose transfer of all or any part of *Goodyear* to the District of Connecticut for inclusion in MDL-1542.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Connecticut will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each of the actions now before the Panel is brought under the Sherman Act to recover for injuries sustained as a result of an alleged conspiracy engaged in by overlapping defendants to fix CR prices and allocate CR markets. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

In concluding that the District of Connecticut is an appropriate forum for this docket, we note that the district is where the Panel's MDL-1542 is already pending – a litigation concerning claims of a price-fixing conspiracy involving another rubber product (EPDM) and involving some of the same MDL-1642 plaintiffs and defendants. This is of particular relevance with respect to the selection of the MDL-1642 transferee district because not all of the actions subject to the MDL-1642 transfer motion are limited to allegations of a CR price-fixing conspiracy. There is one action, Northern District of Ohio's *Goodyear*, which, as amended, now includes three separate claims: one

asserting an EPDM conspiracy, one asserting a CR conspiracy, and one asserting a single EPDM/CR conspiracy. While mechanisms are available to the Panel whereby the *Goodyear* EPDM claim could be included in MDL-1542 in that docket's District of Connecticut transferee district and the *Goodyear* CR claim could be included in MDL-1642 in any separate transferee district selected for that litigation,[2] this approach would still present the question of where to transfer *Goodyear*'s joint EPDM/CR claim. By choosing to assign this litigation to the transferee court where MDL-1542 is already pending, this problem is, in essence, avoided. Regardless of the docket in which *Goodyear* is "officially" included, the single transferee judge will have the flexibility to structure proceedings in both MDL-1542 and MDL-1642 so that any common matters may be addressed jointly, while still ensuring that any matters unique to CR or EPDM claims or parties may proceed on their own separate tracks. Accordingly, there is no need at this point to subdivide *Goodyear*. The Panel will therefore include the entire action in MDL-1642.[3]

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A are transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable Peter C. Dorsey for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

---

[2]Because 28 U.S.C. § 1407 only permits actions (not claims) to be transferred by the Panel, but does permit the Panel to remand claims in advance of other claims in a previously transferred action, the Panel could achieve this result by an order i) transferring *Goodyear* in its entirety from the Northern District of Ohio to the MDL-1542 transferee court in the District of Connecticut, ii) simultaneously remanding to the Northern District of Ohio the CR claims in *Goodyear*; and iii) retransferring the resulting Northern District of Ohio action to the district selected as the MDL-1642 transferee forum.

[3]In light of the decision to include *Goodyear* in its entirety in MDL-1642, the Panel has, by separate order also entered today, vacated its June 14, 2004 order (currently stayed) conditionally transferring *Goodyear* for inclusion in MDL-1542. *See In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, MDL-1542 (J.P.M.L., Feb. 4, 2005) (unpublished order).

## SCHEDULE A

## MDL-1642 -- In re Polychloroprene Rubber (CR) Antitrust Litigation

### Central District of California

*Industrial Rubber Products LLC v. DuPont Dow Elastomers LLC, et al.*, C.A. No. 2:04-2827

### District of District of Columbia

*Chemionics Corp. v. Bayer AG, et al.*, C.A. No. 1:04-1323

### Northern District of Ohio

*Goodyear Tire & Rubber Co. v. Bayer AG, et al.*, C.A. No. 5:04-853

### Western District of Pennsylvania

*Standard Rubber Products, Inc. v. Bayer AG, et al.*, C.A. No. 2:04-581
*RBX Industries, Inc. v. Bayer Corp., et al.*, C.A. No. 2:04-1050
*Rubber Millers, Inc. v. Bayer AG, et al.*, C.A. No. 2:04-1155
*Crossfield Products Corp. v. Bayer AG, et al.*, C.A. No. 2:04-1156
*Alfa Adhesives, Inc. v. Bayer AG, et al.*, C.A. No. 2:04-1238